UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE, | No. 2:20-cv-0451-WBS-EFB P |
| Plaintiff, | |
| v. | ORDER |
| G. MURPHY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has paid the filing fee.

**I.  Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

1

*Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.   Analysis**

    **A.  Plaintiff's Allegations**

Plaintiff alleges various claims against staff at Deuel Vocational Institute ("DVI"), where plaintiff was housed at the time of the allegations. ECF No. 1 at 8, 12. He also asserts a related claim against an appeals examiner at the Inmate Appeals Board ("IAB") for the California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff alleges the following. He is restricted to a lower bunk due to a disability. *Id.* at 12. On October 23, 2018, DVI officers inspected plaintiff's cell while he was not there. *Id.* at 13. When plaintiff returned, he found that the cell was "trashed," all the electrical outlets and light fixtures had been removed, and some of his property was missing. *Id.* Plaintiff tried to ask building officers about the condition of his cell and his missing property, but they ignored him.

/////

1  *Id.* Plaintiff submitted CDCR form 22 requests on the subject on several occasions at the end of
2  October. *Id.* at 13-14. He also filed a grievance. *Id.* at 14.

3  On October 30, 2018, defendant Vivero came to plaintiff's cell and asked why plaintiff
4  was submitting so many form 22s. *Id.* Plaintiff told Vivero that all the lights and outlets were
5  removed from his cell and that he had been sitting in the dark with no lights or power all week.
6  *Id.* Vivero told plaintiff that the form 22s were not going to solve the problem and angrily
7  ordered plaintiff to stop submitting them. *Id.* He entered plaintiff's cell, and plaintiff showed
8  him where the electrical outlets and light fixtures had been. *Id.* Plaintiff told Vivero that no one
9  was assigned to the top bunk but that plaintiff was restricted to the lower bunk due to disability.
10 *Id.* Vivero then left. *Id.*

11 The next day, staff came to plaintiff's cell and fixed the light fixture and electrical outlet
12 above the upper bunk. *Id.* When plaintiff asked why they were not fixing the same items above
13 the lower bunk, they told him that they had been instructed only to repair above the top bunk. *Id.*
14 Later that day, Vivero returned some of plaintiff's form 22 requests to him. *Id.* at 15-16. He told
15 plaintiff that the light fixtures in the cell were not part of the cell's design and had been installed
16 by inmates. *Id.* at 16. Similarly, on November 1, 2018, Ms. Starr returned another form 22 to
17 plaintiff and told him that the lower bunk electrical outlet in his cell was contraband. *Id.*

18 On December 1, 2018, defendant Jackson interviewed plaintiff about his grievance. *Id.*
19 Plaintiff told Jackson that the upper bunk fixtures had been replaced but not the lower bunk
20 fixtures. *Id.* He told Jackson that the upper bunk light was beyond the safe reach of plaintiff and
21 that it provided no light for plaintiff to read while sitting or lying on his bed. *Id.* Plaintiff asked
22 to be moved to a cell with a functioning lower bunk light fixture and electrical outlet. *Id.*

23 Jackson told plaintiff that he would look into the matter. *Id.* But he did not recommend
24 repair of the lower bunk fixtures or rehousing plaintiff in a cell with functioning lower bunk
25 fixtures. *Id.* Instead, Jackson denied plaintiff's grievance because the light fixtures and outlets
26 inside plaintiff's cell had been installed illegitimately with materials likely stolen from CDCR.
27 *Id.*
28 /////

3

Defendant Johnson also reviewed plaintiff's grievance. *Id.* at 17. He agreed with Jackson's findings and denied the grievance. *Id.* Plaintiff forwarded the appeal for second level review, complaining that staff had repaired the upper fixtures but had deliberately failed to fix the lower fixtures. *Id.* Plaintiff noted that all other DVI inmates enjoyed an outlet and light fixture compatible with their housing assignment. *Id.* Defendant Vivero reviewed the grievance at the second level and denied it for the same reasons as Jackson and Johnson. *Id.* at 17-18. Defendant Kesterson also reviewed the appeal and denied it for those reasons. *Id.*

On or about January 29, 2019, plaintiff injured his back and both legs trying to operate the electrical outlet and light fixture above the upper bunk. *Id.* It is not clear from the complaint whether the cell contained any other sources of light or electricity.

Plaintiff forwarded his appeal to the third level of review on February 4, 2019. *Id.* Defendant Murphy denied the appeal on May 6, 2019. *Id.* None of the staff who reviewed plaintiff's grievance recommended repair of the lower fixtures or rehousing plaintiff to a cell with operational features above the low bunk. *Id.* at 16-18.

Plaintiff notes that it was never claimed that he had made the illegitimate installation of the light fixture and outlet and, in fact, he did not do so. *Id.* at 18-19. Plaintiff endured the situation in his cell until his transfer to another prison on January 7, 2020. *Id.* at 19. Thus, plaintiff was without adequate lighting in his lower bunk for 14 months. *Id.*

Plaintiff alleges that, by ordering the removal of his light and outlet and then failing to recommend that the fixtures be repaired or that he be moved to a cell with operational features for the lower bunk, defendants violated his rights under the Eighth Amendment, the equal protection clause of the 14th Amendment, and the Americans with Disabilities Act ("ADA").

**B. <u>Analysis</u>**

**<u>Eighth Amendment</u>**

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Where the plaintiff challenges his conditions of confinement, he must allege facts showing: (1) that the deprivation was sufficiently serious to violate the Eighth Amendment and

(2) the defendant prison official acted with deliberate indifference. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

Extreme deprivations are required to make out a conditions-of-confinement claim; that is, deprivations denying the minimal civilized measure of life's necessities. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson*, 217 F.3d at 731 (citations omitted). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Id.*

To allege deliberate indifference, a plaintiff must state facts showing that the defendant official knew of and disregarded an excessive risk to the plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff has adequately alleged that the defendants were aware that the light fixture and outlet had been removed from the lower bunk. Plaintiff has also adequately alleged that he informed them that he needed the light because he was unable to use the light above the upper bunk. What is less clear is whether the light in plaintiff's cell was so deficient that it may form the basis of an Eighth Amendment claim.

"Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985). In *Hoptowit*, the Ninth Circuit upheld the district court's finding of unconstitutional lighting conditions because evidence showed that the lighting was so poor that it was inadequate for reading, caused eyestrain and fatigue, and hindered attempts to maintain basic sanitary conditions. *Id.* Plaintiff has not alleged that his cell was so dark that his health was at risk from his inability to maintain basic sanitation. It also appears from the complaint that plaintiff's reading was hindered only when he was sitting or lying on his bunk, which suggests that the light elsewhere in the cell was adequate for reading. Because the facts alleged do not establish that plaintiff could not read in any place in his cell (that was accessible to him) or that the cell was so dark that plaintiff could

5

not maintain its basic cleanliness, the court will dismiss the claim with leave to amend. *See Hollis v. York*, No. 1:09-cv-00463-OWW-SKO PC, 2010 U.S. Dist. LEXIS 109820, at *44-45 (E.D. Cal. Oct. 14, 2010) ("The Court is unaware of any precedent that suggests that the relevant legal standard for constitutional lighting conditions is whether an inmate can read from the comfort of his or her bunk.").

### Equal Protection

"To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted). Alternatively, a plaintiff may state an equal protection claim if he shows that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted).

Construed liberally, and solely for the purposes of screening under § 1915A, plaintiff has stated a potentially cognizable equal protection claim against all defendants.

### Americans with Disabilities Act

Title II of the ADA prohibits discrimination on the basis of disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). To state a claim for violation of Title II, a plaintiff must allege facts showing that (1) he is a qualified individual with a disability; (2) he was excluded from participation in, or otherwise discriminated against with regard to, a public entity's services, programs, or activities; and (3) such exclusion or discrimination was because of the disability. *Id.*

Construed liberally, and solely for the purposes of screening under § 1915A, plaintiff has stated a potentially cognizable ADA claim against all defendants.

Plaintiff may choose to proceed only with his equal protection and ADA claims. Alternatively, he may choose to amend his complaint to state a cognizable Eighth Amendment claim.

The court cautions plaintiff that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional

rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely to his federal allegations that "the form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Red. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

**III. Order**

Accordingly, it is ORDERED that:

1. Plaintiff's complaint alleges, for screening purposes, potentially cognizable equal protection and ADA claims against all defendants.

2. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the claims recognized by this order as potentially cognizable or whether he intends to file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  April 23, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. MURPHY, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-0451-WBS-EFB P<br><br>NOTICE OF INTENT TO PROCEED OR AMEND |

In accordance with the court's Screening Order, plaintiff hereby elects to:

　　(1) _____  proceed only with his equal protection and ADA claims against defendants;

OR

　　(2) _____  delay serving any defendant and file an amended complaint.

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated:

9