UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. JACKSON, *et al.*,<br><br>　　　　　Defendants. | No.  2:20-cv-451-WBS-JDP-P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, proceeding without counsel under section 1983, alleges violations of his rights under the Americans with Disabilities Act ("ADA") and the Equal Protection Clause of the Fourteenth Amendment.  ECF No. 1.  Defendants have filed a motion to dismiss, ECF No. 14, arguing that plaintiff has failed to state a claim.  Plaintiff has filed an opposition, ECF No. 15, and defendants have replied, ECF No. 16.  I recommend that defendants' motion be granted.

<u>Background</u>

　　　　Plaintiff alleges that, in October of 2018 and while incarcerated at the Deuel Vocational Institution, he was restricted—for unspecified medical reasons—to "lower bunk housing."  ECF No. 1 at 12.  He claims that, on October 23, 2018, he returned from breakfast to find that correctional officers had "trashed" his assigned lower bunk and removed electrical fixtures that he had used for his reading light.  *Id.* at 13.  Plaintiff made verbal complaints and submitted prison grievances about the removal of the fixtures.  *Id.*

     On October 30, 2018, defendant Vivero—a captain at the institution—came to plaintiff's cell, demanding that he explain why he had filed so many grievances. *Id.* at 14. Plaintiff explained that with the fixtures removed, he had insufficient light in his bunk. *Id.* Vivero told plaintiff that grievances would not solve his problem and told him to stop submitting them. *Id.* at 15.

     The next day, electricians arrived to fix the outlets in the unoccupied top bunk in plaintiff's cell. *Id.* Plaintiff asked why they were not fixing the lower bunk's outlets, and the electricians told him that they had not received orders for the lower bunk repair. *Id.* Later that day, Vivero told plaintiff that the outlets and fixtures had been removed because they had been inappropriately installed by inmates and had not been part of the cell's original design. *Id.* at 15-16.

     In November and December 2018, plaintiff's grievances were rejected by prison officials.[1] *Id.* at 16. One rejection identified the electrical fixtures as contraband. *Id.* Another stated that the fixtures had been installed "illegitimately." *Id.* at 17.

     In January 2019, plaintiff claims that he injured his legs and back while attempting to operate the repaired light fixtures in the upper bunk. *Id.* at 18. Plaintiff was transferred to another institution in January 2020. *Id.* at 20.

     Plaintiff now alleges that the removal of the light fixtures and defendants' failure to fix them violated his rights under the ADA and the Equal Protection Clause.[2] *Id.* at 23-25.

<u>Legal Standards</u>

     A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the

---

[1] Plaintiff alleges that defendant Kesterton denied one such grievance, ECF No. 1 at 18, and defendant Murphy denied another, ECF No. 1 at 19.

[2] Plaintiff's complaint also contains Eighth Amendment deliberate indifference claims based on the same issue. ECF No. 1 at 21. Those claims were dismissed with leave to amend in the court's screening order, ECF No. 7 at 5-6, and plaintiff elected to proceed only with the claims at issue in the motion at bar, ECF No. 8.

1  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2  defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

3  (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

4  requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

5  *Iqbal*, 556 U.S. at 678.

6        For purposes of dismissal under Rule 12(b)(6), the court generally considers only

7  allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

8  subject to judicial notice, and construes all well-pleaded material factual allegations in the light

9  most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

10  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

11        Dismissal under Rule 12(b)(6) may be based on either: (1) a lack of a cognizable legal

12  theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d

13  at 956.  Dismissal is also appropriate if the complaint alleges a fact that necessarily defeats the

14  claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

15        Pro se pleadings are held to a less-stringent standard than those drafted by lawyers.

16  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  However, the court need not accept

17  unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.

18  *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v.*

19  *Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

20                           Analysis

21      I.     ADA Claims

22        The court finds that plaintiff's allegations, taken as true, fail to establish a violation of the

23  ADA.[3]  To state an ADA claim, a claimant must show that "(1) [he] is a qualified individual with

24  a disability; (2) [he] was excluded from participation in or otherwise discriminated against with

25  regard to a public entity's services, programs, or activities; and (3) such exclusion or

26  discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th

---

[3] Title II of the ADA applies to prisons. *See Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998).

3

Cir. 2002). Plaintiff's allegations do not satisfy either the first or third prong.

Plaintiff's only identified disability is his assignment to a lower bunk. ECF No. 1 at 12. Assignment to a lower bunk, however, is not itself an identified disability—it is merely an accommodation that might apply any number of medical conditions (only some of which might amount to disabilities under the ADA). Instead, a disability under the ADA demands a showing that the claimant been diagnosed with a condition that substantially limits his life activities. *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998). Plaintiff has not identified such a diagnosis or described the specific limitations it places on his life activities. Failure to identify a disability is sufficient grounds for dismissing an ADA action. *See, e.g.*, *Bell v. University of California Davis Medical Center*, No. 2:11-cv-1864, 2013 U.S. Dist. LEXIS 64594, 2013 WL 1896318, at *4 (E.D. Cal. May 6, 2013) ("While the court presumes, based on vague statements in the SAC, that plaintiff suffers from anemia, it is plaintiff's responsibility to allege his disability with specificity.").

Neither has plaintiff shown that defendants' refusal to fix the electrical outlets in his cell was discrimination because of his disability. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010). As noted above, plaintiff has not identified his specific disability and, absent such identification, cannot establish that defendants discriminated against him based thereon. And, in cases such as this in which a claimant seeks money damages, he must "prove intentional discrimination on the part of the defendant" by demonstrating that that defendant acted with deliberate indifference. *Duval v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." *Id.* at 1139. Here, according to documents appended to plaintiff's complaint, prison staff determined that the outlets plaintiff sought to have re-installed were not authorized fixtures and had been previously installed by inmates. ECF No. 1 at 51 ("The electrical outlet you mentioned in your appeal was not installed by institutional staff, nor was it installed in compliance with the ADA. Although the light fixture and may have been in working order, they were installed illegitimately and with materials that

were more than likely stolen from CDCR."). Plaintiff does not allege, in any concrete terms, that defendants' explanations were pretextual or that they were motivated by discriminatory intent.

      II.      Equal Protection Claims

Defendants argue that the complaint, taken as true, fails to state a cognizable retaliation claim against them. The court agrees. First, as noted above, plaintiff has not established that he is "disabled" within the meaning of the ADA. Second, "the disabled do not constitute a suspect class for equal protection purposes." *Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001). Third, even if plaintiff had established that he was disabled, he has failed to allege that defendants treated him differently from other, non-disabled persons. *See id*. The equal protection claims, as currently articulated, cannot succeed.

The court RECOMMENDS that defendants' motion to dismiss, ECF No. 14, be GRANTED, and that plaintiff's claims be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after service, any party may file written objections with the court and serve a copy on all parties. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2020

_____
UNITED STATES MAGISTRATE JUDGE