UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>          Plaintiff,<br><br>     v.<br><br>C. JACKSON, *et al.*,<br><br>          DEFENDANTS. | Case No. 2:20-cv-00451-WBS-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM AND DEFENDANT'S MOTION TO DISMISS BE DENIED AS MOOT<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF Nos. 21 & 22 |

Plaintiff Moriano Millare is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On October 9, 2020, I recommended that defendant's motion to dismiss, ECF No. 14, be granted and that plaintiff's initial complaint be dismissed. ECF No. 18. Those recommendations were adopted by the district judge and plaintiff's claims were dismissed without prejudice. ECF No. 20. Plaintiff then filed an amended complaint, ECF No. 21, and defendants filed a second motion to dismiss, ECF No. 22. After screening the complaint, I find that plaintiff has failed to state a cognizable claim. I therefore recommend that plaintiff's complaint be dismissed and that defendants' motion to dismiss be denied as moot.

Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

As before, plaintiff alleges that defendants violated his rights under the Eighth and Fourteenth Amendments when they declined to repair the electrical outlet and light fixture for his bunk. ECF No. 21 at 6, 14-15. Plaintiff also claims that defendants' failure to repair the fixtures violated his rights under Title II of the Americans with Disabilities Act ("ADA") because he has

spondylosis and is mobility impaired. *Id.* at 6.  Finally, he alleges that defendants' decision not to repair the fixtures was retaliation for his "litigious activities." *Id.* at 22, ¶ 95.  I find that none of plaintiff's claims are cognizable.

First, plaintiff's claims do not, taken as true, establish a violation of his Eighth Amendment rights.  An Eighth Amendment conditions of confinement claim has two prongs, one objective and the other subjective.  Objectively, a plaintiff must demonstrate that his conditions were "sufficiently serious" to invoke the Eighth Amendment's protections.  *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  Subjectively, a plaintiff must demonstrate that the defendant acted "with a sufficiently culpable state of mind." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  A defendant is "sufficiently culpable" if he acts with deliberate indifference.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").  Plaintiff's allegations concerning the electrical fixtures do not meet either prong.  They are not sufficiently serious to deprive plaintiff of "the minimal civilized measure of life's necessities." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) ("To sustain an Eighth Amendment claim, the plaintiff must prove a denial of the minimal civilized measure of life's necessities . . . .") (internal quotation marks omitted).  Neither has he alleged that, in ignoring his requests that the fixtures be repaired, defendants ignored a "substantial risk of serious harm" to him.

Second, plaintiff's Fourteenth Amendment equal protection claim fails because he has not alleged that he belongs to a suspect class or that defendants discriminated against him because of his membership in such a class. *See Lowe v. Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985).  As I noted in my previous findings and recommendations, "the disabled do not constitute a suspect class for equal protection purposes." *Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001) (internal quotation omitted).

Third, plaintiff's ADA claim fails because, as before, he has not alleged that defendants discriminated against him because of his disability.[1]  "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010).  Plaintiff has not alleged that any of the defendants was aware of his spondylosis.[2]  And grievance documents attached to plaintiff's amended complaint indicate that officials removed the fixtures because they determined that they were illegally installed by inmates with "materials which were more than likely stolen from the CDCR."  ECF No. 21 at 50-51.  Plaintiff does allege that these justifications were pretextual.  He does not, however, allege that they were pretext for discrimination based on disability.  Instead, he alleges that defendants sought to retaliate against him for his litigation.  *Id.* at 20.

Finally, plaintiff's First Amendment retaliation claim fails because it is vague and conclusory.  The Ninth Circuit has established five basic elements necessary to bring a First Amendment retaliation claim in the prison context: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff has not offered any plausible allegation that defendants declined to repair the fixtures because of his litigation.  He has not alleged how he knows that defendants were motivated by retaliation or what litigation defendants retaliated against him for.  His claim, repeated several times in his complaint, that defendants "acted in response to [his] litigious activities" is the sort of "unadorned, the defendant-unlawfully-harmed-me accusation" that the

---

[1] Plaintiff seeks monetary damages and, therefore, must show either deliberate indifference or intentional discrimination. *Ferguson v. City of Phoenix*, 157 F.3d 668, 674-75 (9th Cir. 1998).

[2] Plaintiff does allege that defendants "possessed full knowledge that [he] was a litigious, mobility impaired inmate restricted to lower bunk housing . . . ."  ECF No. 21 at 21, ¶ 91.  As I noted in my previous findings and recommendations, restriction to lower bunk housing is not itself a disability.  Accordingly, plaintiff's allegations do not, taken as true, establish that defendants knew he was disabled.

4

Supreme Court cautioned against in *Iqbal*. 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Having concluded that the amended complaint states no viable claims, I must decide whether plaintiff's complaint should be dismissed with leave to amend. I conclude that plaintiff's Eighth Amendment, Fourteenth Amendment, and ADA claims should be dismissed without leave to amend. As noted above, plaintiff's claims do not rise to the objective level of seriousness required to state an Eighth Amendment conditions of confinement claim. Plaintiff's Fourteenth Amendment and ADA claims fail for the same reasons identified in my previous findings and recommendations. I therefore conclude that further opportunity to amend those claims would be futile. I will, however, recommend that plaintiff's First Amendment retaliation claims be dismissed with leave to amend. It is possible that those claims, if described in greater detail, could proceed past screening.

Accordingly, it is recommended that:

1. Plaintiff's Eighth Amendment, Fourteenth Amendment, and ADA claims be dismissed without leave to amend.

2. Plaintiff's First Amendment retaliation claims be dismissed with leave to amend.

3. Defendant's motion to dismiss, ECF No. 22, be denied as moot.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   January 15, 2021

JEREMY D. PETERSON

UNITED STATES MAGISTRATE JUDGE