UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. JACKSON, *et al.*,<br><br>    DEFENDANTS. | Case No. 2:20-cv-00451-WBS-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND THIS ACTION PROCEED ONLY AGAINST DEFENDANT VIVERO<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 28 |

    Plaintiff Moriano Millare is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On October 9, 2020, I recommended that defendants' motion to dismiss, ECF No. 14, be granted and that plaintiff's initial complaint be dismissed, ECF No. 18. Those recommendations were adopted by the district judge, who dismissed plaintiff's claims without prejudice. ECF No. 20. Plaintiff then filed an amended complaint. ECF No. 21. Before I screened the new complaint, defendants filed a second motion to dismiss. ECF No. 22. Since the standards for screening and for evaluating a 12(b)(6) motion to dismiss are the same, I will both screen the complaint and evaluate defendant's motion. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). I conclude that plaintiff's second amended complaint states a viable First Amendment retaliation claim against defendant Vivero, but that it fails to state a claim against any other defendant—and so I recommend that the court grant defendants' motion in part.

1

**Background**

As in his original complaint, plaintiff's allegations relate to defendants' failure to repair a light fixture in his bunk.[1] ECF No. 27 at 6. He alleges that defendants refused to repair the fixture in retaliation for a state habeas action that he filed in July 2018. *Id.* at 6-7. Plaintiff claims that, on October 30, 2018, after plaintiff had begun submitting grievances complaining about a search of his cell, defendant Vivero ordered him to stop filing grievances. *Id.* at 7. The next day, electricians entered his cell and repaired the electrical fixtures on the top bunk—but not the bottom one. *Id.* When plaintiff asked why they were not repairing the fixtures in his bunk, the electricians replied that they had not been instructed to do so. *Id.* at 7-8. Vivero later denied one of plaintiff's grievances and justified the decision not to repair the lower bunk by falsely claiming that the fixtures had been illegally installed by other inmates. *Id.* at 8.

Plaintiff's claims against the other four defendants—Jackson, Johnson, Murphy, and Kesterson—concern their denial of his prison grievances about the failure to repair. *Id.* at 8-10. Plaintiff claims that these defendants denied his grievances in retaliation for his filing of the state habeas action. *Id.* at 14.

**Legal Standards**

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

---

[1] Plaintiff's cell had both an upper and a lower bunk. ECF No. 27 at 6. For medical reasons, plaintiff was assigned to and could only use the lower bunk. *Id.* at 7.

2

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984). Pro se pleadings are held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

**Analysis**

I find that plaintiff's retaliation allegations against Vivero are sufficiently pled. Vivero, unlike the other four defendants, allegedly approached plaintiff and ordered him to stop filing grievances. The following day, plaintiff's fixtures were passed over for repair. The nearness in time between these events constitutes sufficient basis, at this stage, for a retaliation claim. *See McCollum v. California Dept. of Corrections and Rehabilitation*, 647 F.3d 870, 882 (9th Cir. 2011) (discussing circumstantial evidence of retaliatory motive).

The allegations against the other four defendants, however, are deficient. Plaintiff alleges that each of these defendants denied his grievances, had no legitimate justification for doing so, and instead did so in retaliation for plaintiff's filing of the state habeas action. ECF No. 27 at 10. No contextual facts support these assertions. Plaintiff does not explain how he knows that these defendants were motivated by his habeas filing or why any of them cared whether that filing was successful. Plaintiff does not allege that any of these defendants, unlike Vivero, ever told him to stop engaging in protected conduct. Absent an alleged factual connection between these

defendants' denials of plaintiff's grievances and his engagement in protected conduct, no retaliation claim can proceed. Plaintiff's administrative setbacks occurred after he filed a state habeas action, but that alone is not enough to show a retaliatory motive. Speculation is not enough to sustain his claims, *see Twombly*, 550 U.S. at 555, and courts have cautioned against retaliation claims based on the logical fallacy of *post hoc, ergo propter hoc*—"after this, therefore because of this." *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).

I also find that further opportunity to amend is unwarranted. It has been more than a year since this action was filed; it is time for this case to move past the screening stage. Additionally, the pleading deficiencies against all defendants other than Vivero have gone uncorrected across the last two complaints. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may . . . be denied for repeated failure to cure deficiencies by previous amendment.").

Accordingly, I recommend that:

1. Defendants' motion to dismiss, ECF No. 28, be granted in part and that all claims against defendants Jackson, Johnson, Murphy, and Kesterson be dismissed without leave to amend. The motion should be denied in all other respects.

2. This action should proceed based only on the First Amendment retaliation claim against Defendant Vivero. If these recommendations are adopted, he should be ordered to file an answer to the operative complaint within the time prescribed by the Federal Rules of Civil Procedure.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, either party may file written objections to the findings and recommendations and serve a copy on all parties. Any such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     April 29, 2021

/s/ Jeremy D. Peterson
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE