UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. JACKSON, et al.,<br><br>    Defendants. | No. 2:20-cv-0451-WBS-JDP (PC)<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 30, 2021, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendants have filed objections to the findings and recommendations. (ECF No. 32.) In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.

The court notes that defendants contend that there are statements in the materials attached to the complaint that explain that some of the fixtures in plaintiff's cell were not repaired because they constituted dangerous contraband. (See ECF No. 27 at 31–32, 34–37.) However,

1

plaintiff argues that the allegation that the light fixtures on his bunk were illegally installed by other inmates and constituted dangerous contraband is false. (See ECF No. 27 at 6.) At the motion to dismiss stage, the court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007). The court cannot determine at this stage whether the light fixtures that were not replaced or repaired constituted contraband or not, and after accepting the allegations in plaintiff's complaint as true and drawing all reasonable inferences in the plaintiff's favor, the court finds that plaintiff has made a colorable allegation that the light fixture was not dangerous contraband.

Defendants also argue that a cell search generally does not constitute an adverse action for the purposes of a retaliation claim, see Dolan v. Connoly, No. 13-civ-5726-GBD, 2017 WL 193286 at * 6 (S.D.N.Y. 2017), and that the contested action that plaintiff complains about was actually the cell search that discovered the light fixtures. (ECF No. 32 at 5.) However, a proper reading of the plaintiff's Second Amended Complaint (ECF No. 27) and the Magistrate Judge's Findings and Recommendations (ECF No. 31) makes clear that the adverse action that plaintiff complains of was not the search of his cell but the removal of some of the fixtures in plaintiff's cell and failure to repair or replace those fixtures. The court does not agree with defendants that this decision will give inmates license to attack any cell search that takes place under the guise of retaliation as long as they engaged in protected activity sufficiently near the search. (See ECF No. 32.) Accordingly, having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 30, 2021 are adopted in full.

2. Defendants' motion to dismiss (ECF No. 28) is granted in part and all claims against defendants Jackson, Johnson, Murphy and Kesterson are dismissed without leave to amend. The motion is denied in all other respects.

3. This action shall proceed only on the second amended complaint's First Amendment retaliation claim against defendant Vivero. Defendant Vivero is ordered to file an answer to the

operative complaint within the time prescribed by the Federal Rules of Civil Procedure.

Dated: July 7, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE