UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>     Plaintiff,<br><br>     v.<br><br>G. MURPHY, *et al.*,<br><br>     Defendants. | Case No. 2:20-cv-00451-WBS-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 35<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

    Plaintiff, a state prisoner proceeding without counsel, claims defendant Vivero violated his First Amendment rights.[1] Plaintiff alleges that after he filed a grievance, defendant retaliated against him by refusing to repair electrical fixtures in his cell and ordering him to stop filing grievances. Defendant moves for summary judgment, arguing that plaintiff did not exhaust his administrative remedies before commencing this action. I agree that plaintiff's claim should be dismissed as unexhausted and recommend that defendant's motion for summary judgment be granted.

---

[1] The court previously dismissed plaintiff's claims against four other defendants. *See* ECF Nos. 1, 33.

1

**Legal Standards**

### A.  Summary Judgment

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.  *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an

essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

### B. Exhaustion Requirements

Under the PLRA of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA

3

exhaustion requirement. *Id.* at 218.

To satisfy the PLRA's exhaustion requirement, a plaintiff's administrative appeals must "provide enough information . . . to allow prison officials to take appropriate responsive measures." *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2nd Cir. 2004)); *see also Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) ("A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress."). The California prison system's grievance regulations "define the boundaries of proper exhaustion." *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009). The regulations at the time of plaintiff's claim required prisoners to list all staff members involved in the event, and to describe their involvement. Cal. Code Regs. tit. 15, § 3084.2(a)(3) (repealed 2020).[2] But if a prisoner did not know the "identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." *Id.* Further, the regulations provided that "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included" in the originally submitted grievance. Cal. Code Regs. tit. 15, § 3084.1(b) (repealed 2020).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is true when prison administrators thwart inmates from taking

---

[2] Cal. Code Regs. tit. 15, sections 3084.2(a)(3) and 3084.1(b) were in effect at the time plaintiff filed his grievance but have since been repealed.

4

> advantage of a grievance process through machination, misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."). If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**Analysis**

Plaintiff filed a single grievance related to California Department of Correction and Rehabilitation ("CDCR") staff's alleged refusal to repair the electrical units in his cell. ECF No. 27 at 23-27. In that grievance, he also generally claimed that staff conspired against him to obstruct, forestall, frustrate, and interfere with his constitutional rights. *Id*. at 23. Defendant argues that the grievance—identified as log number DVI-X-18-03136—did not include information necessary to exhaust plaintiff's First Amendment retaliation claim.

For remedies to be fully exhausted, an appeal must "alert the prison to a problem and facilitate its resolution." *Griffin*, 557 F.3d at 1120 (concluding that a prisoner's grievance cannot serve to exhaust administrative remedies where it fails to "'alert[ ] the prison to the nature of the wrong for which redress is sought'") (citation omitted); *Sapp*, 623 F.3d at 824 (holding that a grievance provides sufficient notice so long as "it alerts the prison to the nature of the wrong for which redress is sought").

Plaintiff's grievance did not claim that any CDCR staff member, much less defendant, refused to repair plaintiff's electrical units because of he had previously filed grievances. Neither does the grievance suggest that defendant instructed plaintiff to stop filling grievances or to cease any other protected activity. Indeed, the relief plaintiff sought was limited to: (1) repairing his electrical units; (2) providing the identity of the correctional officers who searched his cell on an earlier date; (3) returning his personal property; and (4) investigating unidentified members of

5

1  CDCR staff who interfered with plaintiff's constitutional rights. ECF No. 27 at 23. Simply put,
2  nothing in plaintiff's grievance provided prison officials with notice that he was seeking redress
3  for a violation of his First Amendment rights. It is not surprising that plaintiff's grievance failed
4  to include the alleged retaliatory conduct given that it was submitted on October 28, 2018, two
5  days before defendant allegedly ordered him to stop filing grievances. *Id*. at 7, 23.

6  Plaintiff contends, however, that the grievance exhausted his remedies because it stated
7  that CDCR staff conspired to interfere with his constitutional rights. But that statement is too
8  vague to meet the level of detail required for exhaustion. *Ivey v. Bd. of Regents*, 673 F.2d 266,
9  268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights
10 violations are not sufficient.") (citations omitted).

11 Alternatively, plaintiff argues that he should be excused from the exhaustion requirement
12 because he was afraid defendant would respond violently or punitively if he filed additional
13 grievances. ECF No. 36 at 6. In some circumstances, a threat of retaliation can render the
14 grievance system unavailable and thus excuse a prisoner's failure to exhaust administrative
15 remedies. *McBride v. Lopez*, 807 F.3d 982, 984, 987-88 (9th Cir. 2015). But to establish that a
16 threat rendered administrative remedies unavailable, a prisoner must "provide a basis for the court
17 to find that he actually believed prison officials would retaliate against him if he filed a
18 grievance." *Id.* at 987.

19 Here, plaintiff offers no evidence that he actually believed defendant or CDCR staff
20 would retaliate against him if he filed additional grievances. In fact, he filed no fewer than ten
21 grievances between the date of the alleged incident and the date of his operative complaint,
22 suggesting that he did not fear retaliation. ECF No. 35-4 at 26, 33, 42, 51, 62, 70, 86, 96, 110,
23 and 125. Accordingly, plaintiff has not carried his burden of showing that he should be excused
24 from the exhaustion requirement. *See Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012)
25 (explaining that exhaustion is an affirmative defense and that, once defendants meet their burden
26 of proving non-exhaustion, the burden shifts to plaintiff to show that his failure to exhaust should
27 be excused); *Carter v. Shelton*, No. 18-cv-02035-PJH, 2019 WL 2929792, at *5 (N.D. Cal. July
28 8, 2019) (concluding that plaintiff failed to demonstrate that the threat of retaliation was an

6

excuse to exhausting his administrative remedies because he filed fourteen grievances during the time he alleged prison officials threatened him).

Finally, plaintiff argues that he did not know he could file a grievance against a CDCR staff member who ordered him not to file grievances. ECF No. 36 at 4. Plaintiff's lack of knowledge is insufficient to excuse him from exhausting his administrative remedies. *See Miller v. Najera*, No. 1:12-cv-01288-LJO, 2017 WL 6538998, at *6 (E.D. Cal. Dec. 21, 2017) ("Ignorance of the grievance process is generally not sufficient to show that remedies were unavailable, as inmates are expected to make a reasonable, good faith effort to discover and exhaust the appropriate procedure.").

Because defendant has met his burden of presenting evidence that plaintiff failed to exhaust his administrative remedies, I recommend that defendant's motion be granted.

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion for summary judgment, ECF No. 35, be granted, and plaintiff's claim against him be dismissed without prejudice.

2. The Clerk of Court be directed to close this case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  September 23, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE